**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANDRES A. PEREZ, an individual, | ) | |
| ALFREDO TREJO, an individual, and | ) | Case No. 21-cv-13 |
| JOSE J. NAJERA, an individual, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ELITE VALET SYSTEMS, INC., a dissolved | ) | |
| Illinois corporation, and JOSEPH SEVERINO, an | ) | |
| individual, | ) | |
| Defendants. | ) | |

## COMPLAINT

The Plaintiffs, Andres A. Perez, Alfredo Trejo and Jose J. Najera by and through their attorney, Timothy M. Nolan of the Nolan Law Office, complain against Defendants, Elite Valet Systems, Inc. ("Elite Valet"), and Joseph Severino ("Severino") (collectively the "Defendants"), as follows:

## NATURE OF THE SUIT

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq.*, for Defendants' failure to pay Plaintiffs overtime compensation for hours worked over forty (40) in a workweek, and for failing to pay Plaintiffs any direct compensation during the nine week period ending December 4, 2020. Plaintiffs are former valet parking attendants at Defendants' valet parking business.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. §
216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law
claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because
the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**THE PARTIES**

4.      Plaintiff Andres A. Perez ("Perez") is a former employee of Defendants' Elite
Valet parking business where he worked as a valet parking attendant from January, 2004 through
December 4, 2020. During the period from January, 2018 through December 4, 2020, Plaintiff
Perez worked at Defendants' valet parking operations located at Palos Community Hospital in
Palos Heights, Illinois, Presence St. Joseph's Hospital in Joliet, Illinois and Villa Brunetti
Banquets in Franklin Park, Illinois.

5.      Plaintiff Alfredo Trejo ("Trejo") is a former employee of Defendants' Elite Valet
Parking business where he worked as a valet parking attendant from April, 2008 through
December 4, 2020. During the period from January, 2018 through December 4, 2020, Plaintiff
Trejo worked at Defendants' valet parking operations located at Palos Community Hospital in
Palos Heights, Illinois and Presence St. Joseph's Hospital in Joliet, Illinois

6.      Plaintiff Jose J. Najera ("Najera") is a former employee of Defendants' Elite
Valet parking business where he worked as a valet parking attendant and manager from August,
2007 through December 4, 2020. During the period from January, 2018 through December 4,
2020, Plaintiff Najera worked at Defendants' valet parking operations located at Palos
Community Hospital in Palos Heights, Illinois, Presence St. Joseph's Hospital in Joliet, Illinois,

Ingalls Memorial Hospital in Harvey, Illinois, and Villa Brunetti Banquets in Franklin Park, Illinois.

7.     During the course of their employment, Plaintiffs regularly used and handled goods and materials, including rented and leased vehicles, which moved in interstate commerce prior to being used in Illinois.

8.     Plaintiffs reside in and are domiciled in this judicial district.

9.     Defendant Elite Valet Systems, Inc. ("Elite Valet") is an Illinois corporation that was involuntarily dissolved on December 11, 2020. During the period from January, 2018 through December 4, 2020, Elite Valet was engaged in the valet parking business and operated multiple valet parking locations at hospitals and businesses located throughout this judicial district.

10.    Defendant Elite Valet's president, secretary, registered agent and registered office are located within this judicial district.

11.    Upon information and belief, Defendant Elite Valet earned more than $500,000.00 in annual gross revenue during 2018, 2019 and 2020.

12.    Defendant Joseph Severino ("Severino") is the president and owner of Elite Valet.

13.    At all times relevant to this action, Defendant Severino possessed extensive oversight over the Defendants' valet parking business operations. Defendant Severino was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

14.    Defendant Severino resides in and is domiciled within this judicial district.

**COMMON ALLEGATIONS**

15. During the period from January, 2018 through March 20, 2020, Plaintiff Perez regularly worked four (4) days a week including Monday, Wednesday, Friday and Saturday from 6:00 a.m. to 9:00 p.m. and frequently as late as Midnight on Friday and Saturday when he was directed to work at Defendants' valet parking location at the Villa Brunetti Banquet facility. Plaintiff Perez typically did not work on Tuesday, Thursday or Sunday. From approximately March 20, 2020 through December 4, 2020, Plaintiff Perez typically worked three days a week on a variable schedule from 8:00 a.m. to 9:00 p.m.

16. Based on his schedule, Plaintiff Perez regularly worked approximately at least sixty (60) hours, and frequently as much as seventy-two (72) hours, in individual workweeks from January, 2018 through approximately March 20, 2020. Thereafter, from March 20, 2020 through December 4, 2020, Plaintiff Perez worked approximately thirty-nine (39) hours in individual workweeks.

17. Defendants elected to claim a tip credit by paying Plaintiff Perez a lower direct wage and using tips to make up the difference between direct wages and the minimum wage. From January, 2018 through October 4, 2020, Defendants paid Plaintiff Perez the tip credit rate of $7.00 per hour, except for the period from March 20, 2020 through April, 2020 when Defendants paid Plaintiff Perez at the rate of $10.00 per hour. However, Defendants failed to pay any direct wages to Plaintiff Perez for the period from October 5, 2020 through December 4, 2020 and Defendants failed to pay any direct wages to Plaintiff Perez when he worked at Defendants' valet parking location at the Villa Brunetti Banquet facility.

18. During the period from January, 2018 through December 4, 2020, Plaintiff Trejo regularly worked five (5) days a week including Monday through Friday with each shift typically

ranging from nine to ten hours per day. Plaintiff Trejo typically did not work on Saturday or Sunday.

19.     Based on his schedule, Plaintiff Trejo regularly worked approximately forty-five (45) to fifty (50) hours in individual workweeks from January, 2018 through December 4, 2020.

20.     Defendants also elected to claim a tip credit by paying Plaintiff Trejo a lower direct wage and using tips to make up the difference between direct wages and the minimum wage. From January, 2018 through October 4, 2020, Defendants paid Plaintiff Trejo the tip credit rate of $8.00 per hour. However, Defendants failed to pay any direct wages to Plaintiff Trejo for the period from October 5, 2010 through December 4, 2020.

21.     During the period from January, 2018 through December 4, 2020, Plaintiff Najera regularly worked six (6) days a week on a variable schedule with shifts running from approximately from 8:00 a.m. to 6:00 p.m. and frequently as late as Midnight on Friday and Saturday when he was directed to work at Defendants' valet parking location at the Villa Brunetti Banquet facility.

22.     Based on his schedule, Plaintiff Najera regularly worked approximately sixty (60) hours, and frequently as much as seventy-two (72) hours, in individual workweeks from January, 2018 through December 4, 2020.

23.     Defendants paid Plaintiff Najera on an hourly basis at the rate of $13.00 per hour for the initial forty (40) hours of work per week, and at the tip credit rate of $7.00 per hour for all hours over forty in individual workweeks. However, Defendants failed to pay any direct wages to Plaintiff Najera for the period from October 5, 2020 through December 4, 2020 and Defendants failed to pay any direct wages to Plaintiff Najera when he worked at Defendants' valet parking location at the Villa Brunetti Banquet facility.

24.     Defendants did not compensate Plaintiffs, and other non-exempt valet parking attendants, at one and one-half times their regular hourly rates of pay for hours worked in excess of forty (40) in individual workweeks.

25.     Defendants never paid Plaintiffs an overtime premium when they worked more than forty (40) hours in a workweek.

26.     Defendants paid Plaintiffs' hours, including overtime compensable hours, at their straight-time hourly rates of pay, and Defendants paid no direct wages to Plaintiffs for work they performed between October 5, 2020 and December 4, 2020.

27.     In violation of the statutes and implementing regulations of the FLSA and IMWL, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code § 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiffs and other non-exempt employees.

28.     Defendants also failed to post, and keep posted, FLSA and IMWL notices pursuant to 29 C.F.R. § 516.4 and 820 ILCS § 105/9 and Ill. Adm. Code § 210.700.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

29.     Plaintiffs hereby incorporate paragraphs 1 through 28 as though stated herein.

30.     Throughout their employment with Defendants, Plaintiffs were each an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

31.     Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 213.

32.     Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

6

33. Defendant Elite Valet Systems, Inc. is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

34. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked more than forty (40) hours, Defendants were obligated to pay them an overtime premium at the time and a half rate required for tip-credit employees, or at the rate of one and one-half times their regular hourly rates of pay for non-tipped hours, for all hours worked over forty (40) in a workweek

35. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

36. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiffs' overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiffs were scheduled to work and regularly did work more than forty (40) hours in a workweek. Defendants further avoided overtime wage obligations by misclassifying Plaintiffs and other valet parking attendants as exempt independent contractors. Additionally, Defendants refused to pay direct wages for all hours worked, they failed to accurately record the number of hours worked by Plaintiffs and other non-exempt employees, and they otherwise violated the Act's record-keeping regulations.

**WHEREFORE**, the Plaintiffs, Andres A. Perez, Alfredo Trejo and Jose J. Najera, pray for a judgment against Defendants, Elite Valet Systems, Inc. and Joseph Severino, as follows:

A.   Judgment in the amount of unpaid overtime compensation found due for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B.   Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.      Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law – Overtime Wages**

37.      Plaintiffs hereby incorporate paragraphs 1 through 28 as though stated herein.

38.      Throughout their employment with Defendants, Plaintiffs were each an "employee" under the IMWL, 820 ILCS § 105/3(d).

39.      Plaintiffs were not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

40.      Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

41.      Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiffs worked more than forty (40) hours, Defendants were obligated to pay Plaintiffs an overtime premium at the time and a half rate required for tip-credit employees, or at the rate of one and one-half times their regular hourly rates of pay for non-tipped hours, for all hours worked over forty (40) in a workweek.

42.      Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiffs, Andres A. Perez, Alfredo Trejo and Jose J. Najera, pray for a judgment against Defendants, Elite Valet Systems, Inc. and Joseph Severino, as follows:

A.      Judgment in the amount of unpaid overtime compensation found due for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime;

C. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments through February, 2019 and five percent (5%) per month thereafter;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act – Earned Wages

43. Plaintiffs hereby incorporate paragraphs 1 through 28 as though stated herein.

44. Plaintiffs were each an "employee" under the IWPCA, 820 ILCS § 115/2,

45. Plaintiffs were not exempt from the IWPCA's protections, 820 ILCS § 115/1, *et seq*.

46. Defendants are each an "employer" under the IWPCA, 820 ILCS § 115/2.

47. During Plaintiffs' employment, it was understood and agreed between each of the Plaintiffs and Defendants that Defendants would pay to Plaintiffs all of their earned wages including final compensation due each of them.

48. Defendants improperly withheld payment of direct wages including final wages earned by the Plaintiffs for the period from October 5, 2020 through December 4, 2020 in violation of the Illinois Wage Payment and Collection Act (IWPCA), 820 Ill. Comp. Sta. § 115/1, et seq.

**WHEREFORE**, the Plaintiffs, Andres A. Perez, Alfredo Trejo and Jose J. Najera, pray for a judgment against Defendants, Elite Valet Systems, Inc. and Joseph Severino, as follows:

A. Judgment in an amount to be determined at trial for all withheld wages including final wages due Plaintiffs;

B.   Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C.   Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

D.   Such other and further relief as this Court deems appropriate and just.

Dated: January 4, 2021

Respectfully submitted,

Andres A. Perez, Alfredo Trejo and
Jose J. Najera,
Plaintiffs,

/s/ Timothy M. Nolan
_____
Attorney for the Plaintiffs

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com