UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDRES A. PEREZ, et al., | |
| Plaintiffs, | |
| v. | No. 21 CV 13 |
| ELITE VALET SYSTEMS, INC., et al., | Judge Manish S. Shah |
| Defendants. | |

## ORDER

The motion for reconsideration [21] is denied. Objections to plaintiffs' petition for attorney's fees must be filed by September 27, 2021, and plaintiffs may reply by October 4, 2021.

## STATEMENT

On April 5, 2021, the court entered an order of default against defendants. Plaintiffs moved for entry of default judgment on May 21, and a few days later, individual defendant Joseph Severino entered an appearance and filed a motion to vacate the default. On June 14, the court denied Severino's motion to vacate the default and entered the requested default judgment against Severino and the corporate defendant, Elite Valet Systems. Now represented by counsel, both defendants seek reconsideration of the judgment.

A motion under Rule 59(e) may be granted only if there has been a manifest error of fact or law, or if there is newly discovered evidence that was not previously available. *See Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021). Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b). Relief under Rule 60(b)(1) is available in cases of mistake, inadvertence, or excusable neglect. And Rule 60(b)(6) allows for relief under extraordinary circumstances. *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 668 (7th Cir. 2014).

Defendants filed their motion on July 13, 2021, the twenty-ninth day after the clerk entered judgment. It is not a timely Rule 59(e) motion. Defendants say that under Rule 6, the day of the triggering event is excluded from the computation. That's true, but not counting June 14 (and counting every day including intermediate weekends, holidays, and the last day of the period) still leads to July 12 as the twenty-eighth day after June 14, and a Rule 59(e) motion must be filed no later than the twenty-eighth day. *See Banks*, 750 F.3d at 666–67 (Rule 59(e) motion filed on April

10 was 29 days after March 12 entry of judgment and therefore untimely). As such, whether defendants call it a Rule 59(e) motion or a Rule 60(b) motion, I treat it as a Rule 60(b) motion. *Id.* at 666.

Defendants say I erred in denying Severino's motion to vacate the entry of default under the lenient standard of Rule 55(c). But even under the lenient Rule 55(c) good-cause standard, a defendant must show: (1) good cause for his default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint. *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Medical Supplies, Inc., et al.*, 961 F.3d 942, 949 (7th Cir. 2020). In moving to vacate the entry of default, Severino said nothing about a possible defense, and even with extra leniency toward a pro se litigant, that silence justified denial of the motion to vacate. Moreover, even accepting Severino's claim that he was lulled by plaintiff's counsel and slowed down by difficulties in electronic filing as a pro se litigant and assurances from court staff, he did not file his motion to vacate until five weeks after he says he learned of the entry of default. Five weeks is not quick action. *Acosta v. DT&C Global Management, LLC*, 874 F.3d 557, 561 (7th Cir. 2017). By his own account, Severino knew about the litigation in February 2021. [21-1] ¶¶ 1–2.* I did not misapply the lenient good-cause standard when I denied Severino's motion to vacate. The corporate defendant, Elite Valet Systems, did not appear through counsel until July and after the entry of default judgment, so there was no error in declining to vacate the order of default against it under Rule 55(c). The corporate defendant did not attempt to show good cause, quick action, or a meritorious defense until after entry of default judgment (and 29 days after entry of judgment at that).

Default judgments are harsh. Litigation ought to be resolved on the merits and not technicalities. *See C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984) ("This circuit has a well-established policy favoring a trial on the merits over a default judgment."). Still, this principle will not save defendants from default judgment when they fail to litigate their case "with the degree of diligence and expediency prescribed by the trial court." *Id.* Defendants argue that they have meritorious defenses and Severino was not willful in his failure to timely attend to this lawsuit. But Severino's claim that plaintiff's counsel lulled him into inaction between February and April 2021 is particularly weak—he offers no explanation for his failure to retain counsel for the corporate defendant during that time. He says he made efforts to engage in settlement discussions with plaintiff's counsel but doesn't say that he made attempts to hire counsel until after he learned of the entry of default. [21-1] ¶¶ 3, 6. So while not so egregious as to be willful disobedience, Severino's approach was careless. *C.K.S. Engineers*, 726 F.2d at 1205–06 (default judgments can be left intact when a defaulting party should have been aware of its responsibilities to the court and failed to live up to them through unexcused carelessness).

---

* Bracketed numbers refer to entries on the district court docket.

But more importantly, defendants do not offer newly discovered evidence or a sufficient showing of meritorious defenses. Defendants refer to a disputed claim for overtime by someone other than the plaintiffs that Severino defended on the grounds that the employee was an independent contractor. They also provide a blank template of an independent contractor agreement. This is not newly discovered evidence—the exhibits refer to events a decade ago and were available to Severino long before he defaulted here. Severino's attestation that the plaintiffs were independent contractors does not, without more, suggest a meritorious defense, because he offers nothing to suggest the economic realities on which the expansive definition of employee under the Fair Labor Standards Act turns. *See Simpkins v. DuPage Hous. Auth.*, 893 F.3d 962, 964 (7th Cir. 2018). Defendants' boilerplate proposed answer amounts to a general denial that does not suffice either. *Wehrs v. Wells*, 688 F.3d 886, 890–91 (7th Cir. 2012).

There was nothing extraordinary preventing defendants from timely attending to this lawsuit, and the judgment (while not the result of adversarial litigation) did not shortcut any meritorious defenses. The motion to reconsider is denied.

ENTER:

Date: September 13, 2021

_____
Manish S. Shah
U.S. District Judge